## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **V.** | § | No. 19-CR-1295-FM |
| | § | |
| **JONATHAN KEITH WEBB.** | § | |

### ORDER

Before the court is Letter to the Court [ECF No. 51], filed June 23, 2020 by Jonathan Keith Webb.  Therein, Jonathan Keith Webb seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Section 3582").

Section 3582 provides for what is commonly referred to as "compassionate release."  It states that generally a court may not modify an imposed term of imprisonment unless it receives a motion of the Director of the Bureau of Prisons.[1]  However, the court may also modify a sentence upon the defendants motion, provided he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ."[2]

In this case Jonathan Keith Webb does not demonstrate in his Letter that he exhausted his administrative remedy as required to qualify for compassionate release under Section 3582.  The letter does not inform the court whether he requested the warden to bring a motion for compassionate release on his behalf.  This procedural requirement is not waivable.[3]  Even when

---

[1] 18 U.S.C. § 3582(c)(1)(A).

[2] *Id*.

[3] 18 U.S.C. § 3582(c)(1)(A).

considering the circumstances surrounding COVID-19, the Third Circuit[4] and an overwhelming number of district courts have found administrative exhaustion is required.[5] This court agrees. Therefore, this court may not modify an imposed term of imprisonment at this time.

Accordingly, the court enters the following orders:

1. **IT IS ORDERED** that the motion is **DENIED WITHOUT PREJUDICE** for failure to exhaust remedies (failure to fully exhaust all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf; the lapse of 30 days from the receipt of such a request by the Warden, whichever is earlier).

2. **IT IS FURTHER ORDERED** that the Clerk of Court **SHALL** mail a true and correct copy of this order to Jonathan Keith Webb 10 McGregor Range Rd. Chaparral, New Mexico, 88081.

**SIGNED AND ENTERED** this __23rd__ day of **June, 2020.**

_____
**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**

---

[4] *United States v. Raia*, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020) ("Section 3582's text requires those motions to be addressed to the sentencing court, a point several Circuits have noted and Raia himself acknowledges.") (citing to *United States v. Richardson*, 948 F.3d 733, 749 (6th Cir. 2020); *United States v. Smith*, 896 F.3d 466, 473 (D.C. Cir. 2018)).

[5] *See, e.g.*, *United States v. Carver*, __F. Supp. 3d __, 2020 WL 1604968, at *1 (E.D. Wash. Apr. 1, 2020) (requiring exhaustion of motion seeking release to home confinement for defendant sentenced to three months' imprisonment); *United States v. Clark*, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020) (denying the motion of a sixty-seven-year-old defendant with high blood pressure, high cholesterol and sleep apnea motion for lack of exhaustion); *United States v. Gileno*, No. 3:19-CR-161-(VAB)-1, 2020 WL 1307108, at *3 (D. Conn. Mar. 19, 2020) ("As a threshold matter, Mr. Gileno has not satisfied the requirement under 18 U.S.C. § 3582(c)(1)(A) to first request that the Bureau of Prisons file a motion on his behalf and then show that thirty days have passed without any BOP action.").